IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,406-01






EX PARTE JAMES LUTHER BUTLER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 29219 IN THE 13TH DISTRICT COURT


FROM NAVARRO COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of unlawful
possession of a firearm by a felon and sentenced to three years' imprisonment.

 Applicant contends that he has been denied credit for a period of jail time served pursuant
to a pre-revocation "blue warrant" following his release on mandatory supervision. Applicant has
alleged facts that, if true, might entitle him to relief. Ex parte Canada, 754 S.W.2d 660, 668 (Tex.
Crim. App. 1988). 


 The trial court has entered findings that Applicant's sentence was discharged on December
16, 2006, and he was released on January 10, 2007. As such, Applicant's claims are moot. 
However, these findings are not supported by the record. In an abundance of caution we remand this
application in order to complete the record.

 As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial
court is the appropriate forum for findings of fact. The trial court may use any means set out in Tex.
Code Crim. Proc. Art. 11.07, § 3(d), in that it shall order the appropriate officials of the Texas
Department of Criminal Justice's Correctional Institutions Division, State Jail Division, and the
Board of Pardons and Paroles the Texas Department of Criminal to file affidavits reflecting the
disposition of revocation proceedings against Applicant and whether this sentence has been
discharged in full. Finally, the affidavit should indicate whether Applicant has submitted his claim
to the time credit resolution system of TDCJ, and if so, the date when the claim was submitted, or
if not, whether Applicant was a person described by Tex. Gov't Code § 501.0081 (c) at the time he
filed this application.

 The trial court may also order depositions, interrogatories or a hearing. If the trial court elects
to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant
at the hearing. Tex. Code Crim. Proc. Art. 26.04.

 Following receipt of additional information, the trial court may make additional findings of
fact and conclusions of law it deems relevant and appropriate to the disposition of the application
for writ of habeas corpus. The trial court shall resolve the issues presented within forty-five (45)
days of the date of this order. A supplemental transcript containing all affidavits and interrogatories
or the transcription of the court reporter's notes from any hearing or deposition, along with any
supplemental findings of fact and conclusions of law, shall be returned to this Court within sixty (60)
days of the date of this order. Any extensions of time shall be obtained from this Court. 

Filed: May 9, 2007

Do not publish